**JINXIA CHEN, Petitioner,**

v.

**Eric H. HOLDER, United States**

* The Honorable Joseph F. Bianco, District Judge for the Eastern District of New York, sitting by designation.

Attorney General,*
Respondent.

No. 08–0215–ag.

United States Court of Appeals,
Second Circuit.

March 24, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

* Pursuant to Federal Rules of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

Gregory G. Katsas, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Gladys M. Steffens Guzmán, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jinxia Chen, a native and citizen of the People's Republic of China, seeks review of the December 26, 2007 order of the BIA affirming the August 1, 2007 decision of the Immigration Judge ("IJ") Patricia A. Rohan denying his motion to reopen. *In re Jinxia Chen,* No. A73 489 668 (B.I.A. Dec. 26, 2007), *aff'g* No. A73 489 668 (Immig. Ct. N.Y. City Aug. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Under 8 C.F.R. § 1003.2(a): "A request to reopen or reconsider any case in which a decision has been made by the Board ... must be in the form of a written motion to the Board."

Here, where the BIA affirmed the IJ's denial of Chen's application for relief in May 1996, and then denied three subsequent motions, any further request to reopen her case should have been filed with the BIA under 8 C.F.R. § 1003.2(a). Chen argues that the IJ erred in denying her motion to reopen and to file a successive asylum application for lack of jurisdiction because jurisdiction to adjudicate her suc-

Attorney General Michael B. Mukasey as respondent in this case.

cessive asylum application lay with the Immigration Court under 8 C.F.R. § 1208.4(b)(3)(ii), and a motion to reopen was not required for such adjudication.

However, we recently held that a successive asylum application must meet the requirements for motions to reopen when it is filed after the alien has been issued a final order of removal. *Yuen Jin v. Mukasey,* 538 F.3d 143 (2d Cir.2008) (according *Chevron* deference to *Matter of C–W–L–,* 24 I. & N. Dec. 346 (B.I.A.2007)). Here, because Chen's order of removal was made final with the BIA's order affirming the IJ's denial of relief, she was required to "file a successive asylum application in conjunction with a motion to reopen and in accordance with those procedural requirements." *Id.* at 156. Because Chen was required to file her motion to reopen before the BIA under 8 C.F.R. § 1003.2(a), the IJ did not abuse her discretion in finding that the Immigration Court did not have jurisdiction to consider the motion. *Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.